BRAFMAN v. KOHN et al.

(Supreme Court, Appellate Term. June 25, 1909.)

1. MASTER AND SERVANT (§ 70*)—CONTRACT—COMMISSIONS.

A salesman, employed under a contract stipulating for commissions on sales provided the goods were accepted by the buyers, subject to deductions for allowances made to buyers for goods returned and for goods not paid for, cannot recover commissions on the gross amount of the orders.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

2. MASTER AND SERVANT (§ 70*)—CONTRACT—COMMISSIONS.

A salesman, employed under a contract stipulating for commissions on net sales, who voluntarily left the employment, cannot recover commissions on sales subsequently made by his employer to one to whom the salesman had previously made efforts to sell goods, nor to commissions on sales thereafter made to customers within the territory which had been assigned to the salesman.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 70.*]

3. MASTER AND SERVANT (§ 70*)—CONTRACT—COMMISSIONS.

A salesman, employed under a contract stipulating for commissions on sales within his territory, cannot receive commissions on sales outside of the territory made by another salesman, in the absence of any valid agreement for commissions thereon.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 70.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Aaron Brafman against Harry D. Kohn and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-BURY, JJ.

Fleischman & Fox, for appellants.

Jellenik & Stern, for respondent.

SEABURY, J.  This case was before this court upon a former appeal.  In reversing the former judgment, which the plaintiff recovered, we reviewed the evidence and pointed out its insufficiency to sustain the judgment rendered.  111 N. Y. Supp. 527.  Upon the second trial the court has again awarded judgment for the plaintiff, and it is from this judgment that the defendants now appeal.

Originally the plaintiff was employed as a salesman by the defendants under a written contract which provided that he should be paid a commission of 7 per cent. on all net sales after deducting traveling expenses advanced by the defendants, and that the compensation of the plaintiff should amount to at least $2,500 during the year of his employment.  The written contract provided that the defendants—

"shall have the option of accepting or rejecting any sale made by the party of the second part [plaintiff], and no claim shall be made for compensation hereunder, except on goods actually shipped by the said party of the first part [defendants] and received and accepted by the purchaser, and there shall be deducted from the amount of sales made by the party of the second part all sums which shall be allowed to purchasers for goods returned, allowances as well as whatever sum the party of the first part shall lose upon such sales by reason of the nonpayment either in whole or in part of any such purchase."

At the expiration of the year this contract was renewed; the only modification being as to the territory to be covered by the plaintiff. In 1906 the contract was again renewed; the only modification being the change as to the amount of the plaintiff's drawing account.  With these exceptions, the original written contract continued to be operative until in January, 1906, when the plaintiff voluntarily left the defendants' employ.  The court below has found that the plaintiff made sales aggregating $30,000, and in addition to awarding the plaintiff judgment for commissions upon this amount he also decided that the plaintiff is entitled to recover commissions for sales made by the defendants to Parker, Fogarty & Co., of Pittsburg, amounting to $2,839, and for sales made by one of the defendants' other employés to Herman & Hess of Wichita, Kan., amounting to $4,810.  It is necessary, therefore, to examine the evidence upon which this judgment is based.

The plaintiff did not show the actual sales which he claimed to have made, but testified merely to his general estimate of the gross sales he claims to have made.  His testimony upon this point is as follows:

"Q. You sold goods?  A. Yes.  Q. To what amount?  A. I sold $50,000 to $55,000 worth of goods."

This testimony was supplemented by proving certain admissions made by one of the defendants upon the former trial as to the gross amount of sales made by the plaintiff.  No evidence was adduced to show that the orders for goods sold were accepted by the defendants, or that the goods sold were accepted by the persons to whom they had

been sold, or that these purchasers had paid for the goods. It will be noticed, from the clause of the original contract quoted above, that the plaintiff's right to commissions was dependent upon the goods being accepted by the purchaser, and that returned goods, allowances made to purchasers, and goods that were not paid for were to be deducted from the sales upon which the plaintiff was to be paid commissions.

Even if we disregard the absence of evidence that the goods were accepted, which under the provisions of this contract we are not justified in doing, the conclusion of the court below that the plaintiff was entitled to recover upon the sales aggregating $30,000 is untenable. The plaintiff could not under his contract recover commissions upon the gross amount of orders. It appears from the written contract that the plaintiff was only to receive commissions upon net sales, and that when customers were allowed a discount for cash payments the plaintiff was only to receive his commission on the amount of the sale less the amount of the discount. The modification of the original contract as to the territory to be covered when the contract was renewed in 1905, and as to the drawing account in 1906, did not affect its other provisions. The plaintiff was not entitled to recover commissions upon the sales made to Parker, Fogarty & Co. and to Herman & Hess. Upon the former appeal this court said in reference to these accounts:

"The plaintiff was only entitled to commissions upon the goods which he sold. Upon the trial he was asked by his counsel whether he sold the goods to Parker, Fogarty & Co., and he answered: 'I did not. They bought them in the office.' The evidence conclusively established that the goods bought by Parker, Fogarty & Co. were sold to them by one of the defendants, and not by the plaintiff. The plaintiff failed, also, to prove his right to recover commissions for goods sold to Herman & Hess of Wichita, Kan.," etc.

This criticism of the plaintiff's claim is equally applicable to the record which is now before us. The uncontradicted testimony shows that the sales to Parker, Fogarty & Co. were made by one of the defendants in their store, about two weeks after the plaintiff had voluntarily left the defendants' employment. The fact that the plaintiff had, prior to the time when he left the employment of the defendants, made efforts to sell goods to Parker, Fogarty & Co. gave him no claim for commissions upon sales which the defendants subsequently made to Parker, Fogarty & Co.

Having terminated his contract with the defendants by voluntarily leaving their service, the plaintiff was not entitled to commissions upon goods which defendants themselves sold after that date, even though the goods were sold to customers within the territory which had formerly been assigned to the plaintiff. Nor was the plaintiff, upon the proof offered, entitled to recover commissions upon the goods which were sold to Herman & Hess. Prior to 1905, Wichita, Kan., was within the territory assigned to the plaintiff. After that time, the plaintiff was assigned to other territory which did not include Wichita, Kan. The plaintiff claimed that, although Wichita, Kan., was not within the territory assigned to him, the defendants had agreed that he should "receive commissions on the Herman & Hess account as heretofore." The sales to Herman & Hess, upon which the court below has allowed

the plaintiff to recover commissions, were concededly made by .one Stein, an employé of the defendants, and not by the plaintiff. In view of the fact that Wichita, Kan., was not within the territory assigned to the plaintiff, that the sales upon which the plaintiff seeks to recover were made by another employé of the defendants, through whom, also, all subsequent sales to Herman & Hess in this territory were made, and the positive testimony of the defendants that no agreement was made to pay the plaintiff commissions upon this account, we think that the testimony of the plaintiff in this respect was not credible.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.